UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEVEN LEVY and ISRAEL BLISS, individually and
on behalf of others similarly situated, and on behalf
of the general public,

      Plaintiffs,

  v.                                         **DECISION AND ORDER**
                                                        08-CV-796S

HSBC BANK, USA, N.A.; HSBC BANK USA, INC.;
HSBC FINANCE CORPORATION; HSBC NORTH
AMERICA HOLDINGS, INC.; and DOES 1
through 10, inclusive,

      Defendants.

---

    1.    Plaintiffs, Steven Levy and Israel Bliss, on behalf of themselves and others similarly situated, bring this putative collective action under the Fair Labor Standards Act ("Labor Act"), 29 U.S.C. §§ 201, et seq. against HSBC Bank USA, N.A., HSBC Bank USA, Inc., HSBC Finance Corporation, HSBC North America Holdings, Inc., and DOES 1 through 10, inclusive. Additionally, Plaintiffs seek to assert two separate class action claims under Federal Rule of Civil Procedure 23 for alleged violations of New York's and California's wage-and-hour laws. Presently before this Court is Defendants' Motion to Dismiss or Strike Plaintiffs' state law claims (Docket No. 39). For the following reasons, Defendants' motion is denied.

    2.    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007)).

Labels, conclusions, or a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged. Iqbal, 129 S. Ct. at 1949. The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief. Id. at 1950; Fed. R. Civ. P. 8 (a)(2). Well-pleaded allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

      4.    When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness. See Iqbal, 129 S. Ct. at 1950 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

      5.    Courts therefore use a two-pronged approach to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950. First, statements that are not entitled to the presumption of truth — such as conclusory allegations, labels, and legal conclusions — are identified and stripped away. See Iqbal, 129 S. Ct. at 1950. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."

6.	Rule 12(f) authorizes the court to strike any "redundant, immaterial, impertinent, or scandalous" matter from a pleading. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

7.	Defendants argue that Plaintiffs' complaint, which alleges that Defendants classified certain non-supervisory employees as exempt from state and federal wage and hour laws, and denied them meal and rest periods and compensation for overtime (Amended Complaint, ¶¶ 48, 51, 54; Docket No. 7), should be dismissed due to the contrasting procedural mechanisms of a Rule 23 class action and a collective action under the Labor Act. The Labor Act, designed to prevent employers from underpaying their employees, permits "collective actions"; in relevant part, it provides, "[a]n action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency). . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (parenthesis in original). This is an "opt-in" procedure: putative plaintiffs must affirmatively consent to join a collective action in order to assert a claim. <u>Id.</u>; <u>see also</u> <u>Shahriar v. Smith & Wollensky Rest. Group, Inc.</u>, __F.3d__, No. 10-1884-cv, 2011 WL 4436284 (2d Cir. 2011). However, Rule 23, which permits class actions, mandates an opt-out procedure: putative plaintiffs must affirmatively decline association with the class. Fed. R. Civ. P. 23(c)(2)(B)(v); <u>see also</u> <u>Smith & Wollensky</u>, 2011 WL 4436284 at *6. Defendants argue that these two provisions are "legally incompatible" and therefore the state law claims should either be stricken or dismissed.

8.     Although this issue – whether parallel collective action and class action claims can be simultaneously adjudicated – was unsettled at the time the parties submitted their briefs, the Second Circuit recently resolved the question. Considering whether courts can properly dismiss state claims for lack of jurisdiction in this context, the court held, "[W]e agree with the Seventh Circuit that 'while there may in some cases be exceptional circumstances or compelling reasons for declining jurisdiction, the 'conflict' between the opt-in procedure under the [Labor Act] and the opt-out procedure under Rule 23 *is not a proper reason to decline jurisdiction* under section 1367(c)(4).'" Smith & Wollensky, 2011 WL 4436284, at *11 (emphasis added) (quoting Ervin v. OS Rest. Servs. Inc., 632 F.3d 971, 980 (7th Cir. 2011). Accordingly, this Court cannot decline to exercise supplemental jurisdiction merely because Rule 23 and the Labor Act contain differing methods for allowing potential plaintiffs to join an action.[1]

9.     Defendants also assert that this Court should not exercise jurisdiction over the state law claims because they predominate over the federal claims. This, of course, remains a valid reason to decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2). Defendants argue that the state law claims introduce new issues that "go far beyond" the Labor Act's claims. (Defendants' Reply Memorandum of Law, p. 4; Docket No. 51.) Defendants also argue that the number of state-law plaintiffs will "far surpass" the federal class, transforming the action and causing the state claims to predominate. Plaintiffs respond by arguing that the concepts of judicial economy and fairness warrant the exercise of supplemental jurisdiction. They caution that splitting these

---

[1] Defendants' argument that allowing these actions to proceed simultaneously would violate the Rules Enabling Act is also mooted by the Second Circuit's recent ruling.

claims may impose unnecessary costs and result in inconsistent outcomes.

10. 28 U.S.C. 1367(b) grants district courts the power to hear "claims that are so related to claims in the action within [their] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This power, however, is discretionary: 1367(c) allows courts to decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

11. Both Plaintiffs and Defendants cite cases that support their respective positions. Some courts have held that the state wage and hour law issues were sufficiently complex and distinct from the Labor Act claim to warrant dismissal. See, e.g., Glewwe v. Eastman Kodak Co., No. 05 Civ. 6462, 2006 WL 1455476, at *4 (W.D.N.Y. May 26, 2006) ("Such a diverse undertaking deserves the individualized analysis and attention that each state court would provide. Therefore, this court, in the exercise of its discretion, declines to exercise supplemental jurisdiction.") Others find that difficulties of splitting the claims outweigh the difficulties inherent in managing parallel state class actions and Labor Act collective actions. See, e.g., Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81, 96 (S.D.N.Y. 2001) (noting, *inter alia*, the needless expense of "overlapping, uncoordinated discovery", differing rulings by multiple courts, and the problems raised by the doctrine of *res judicata*.)

12. Here, Plaintiffs will seek to certify a collective class under the Labor Act and three Rule 23 classes – two of which will be composed of class members from California and one from New York. Plaintiffs assert six state law causes of action, five of which claim a violation of California law.

13. At this early stage of the litigation, this Court finds that it would be premature to determine that the state law claims predominate over the federal claim as to require dismissal. The Second Circuit has noted that "a federal court's exercise of pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action." Promisel v. First Am. Artificial Flowers, 943 F.2d 251, 254 (2d Cir.1991). Plaintiffs' alleged claims all "derive from a common nucleus of operative fact," see United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966), namely that Defendants denied plaintiffs meal and rest periods and compensation for overtime. As such, the state law claims essentially mirror the federal claims. With this strong nexus, judicial efficiency and convenience and fairness to the litigants counsels against dismissing the state claims on jurisdictional grounds. See id. at 726.

14. In fact, the only case that Defendants cite from this Circuit where the court declined to exercise supplemental jurisdiction diverges significantly from this case. In Glewwe, 2006 WL 1455476, the plaintiffs sought to represent classes for wage law violations in 33 states and breach of contract in 48 states, plus Puerto Rico and Washington D.C. The court held, "considering the number of state laws involved (35 jurisdictions' wage laws and 50 jurisdictions' breach of contract laws), it is clear that the state claims would present complex issues of state law that would substantially predominate over the FLSA claim." Id. at *4. Here, Plaintiffs will seek to certify classes from

only two states, significantly diminishing the burden on this Court in applying state law.

15. Defendants also argue that this Court should dismiss Plaintiffs' state law claims because the number of state law plaintiffs will greatly exceed the number of federal plaintiffs. However, "[p]redominance under section § 1367(c)(2) relates to the type of claim being brought rather than the size of the respective classes. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363 (S.D.N.Y. 2007) (citing Gibbs, 383 U.S. at 726-27). While the Third Circuit has found that a vast discrepancy in the number of federal versus state plaintiffs favored dismissal of the state law claims (see De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3rd Cir. 2003)), that conclusion has been rejected in this Circuit. See Smith & Wollensky, 20011 WL 4436284 at *8 ("[W]e agree with our sister circuits that the fact that there are more class members in the state law class action than those in the [Labor Act] collective action "should not lead a court to the conclusion that a state claim 'substantially predominates' over the [Labor Act] action, as section 1367(c) uses that phrase."); Gonzalez v. Nicholas Zito Racing Stable Inc., No. 04 Civ. 22, 2008 WL 941643, at *9 (E.D.N.Y Mar. 31, 2008); La Belle Farm, Inc., 239 F.R.D. at 373; Ouedraogo v. Durso Assocs. Inc., No. 03 Civ. 1851, 2005 WL 1423308, at *2 (E.D.N.Y. June 16, 2005); Brzychnalski v. Unesco, Inc., 35 F. Supp. 2d 351, 354 (S.D.N.Y. 1999). Rather, courts should look to whether the state issues predominate in terms of proof, the scope of the issues raised, and the comprehensiveness of the remedy sought. See Gibbs, 383 U.S. at 726-27. It is too early to determine the significance of these factors; instead, at the motion-to-dismiss stage, it is enough to note, as discussed above, that the federal and state claims derive from similar facts and involve similar questions of law. As such, dismissal would be improvident at this time. Therefore, Defendants' motion is denied.

***

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss or Strike Plaintiffs' State Law Claims (Docket No. 39) is DENIED.

SO ORDERED.

Dated: November 18, 2011
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
